## WELTER v. WHITMAN. (No. 2326.)

Court of Civil Appeals of Texas. El Paso.
Nov. 14, 1929.

R. S. Ragsdale, of Burkburnett, for appellant.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellee.

WALTHALL, J. Frank J. Welter, plaintiff, filed this suit in the district court of Wichita county, against G. W. Whitman, defendant, alleging that on March 3, 1923, he was the owner of a seven-eighths interest in the mineral produced under the terms of a certain oil and gas lease on 20 acres of land, described in the petition, and certain personal property thereon used in connection with the operation of an oil well thereon.

The petition alleges that on the above date Welter conveyed the lease to Whitman, in trust, to go upon said lease property, and, at Whitman's expense, clean out the oil wells thereon, operate, and improve same in such manner as that the mineral therein could be produced therefrom with profit; that acting under such terms of conveyance and agreement, Whitman went upon said lease premises and expended the total sum of $3,666.70; that under the terms of the agreement Whitman was to pay the salary of Welter's lease foreman, D. D. Crowley, $150 per month, for the sublease period; that Whitman should have the services of said Crowley in pumping wells on an adjoining lease; that the operating expense should not exceed $150, and that of such expense $35 thereof should be charged against plaintiff Welter's lease as its share of such operating expense; that Whitman was to have all the runs of oil from said lease property over and above said operating expense until Whitman had been repaid said sum so advanced by him; and that when Whitman was repaid said sum Whitman was to reconvey to plaintiff said lease premises. It is alleged that, acting under said sublease or conveyance, Whitman has received and collected for the oil run from said lease premises the sum of $3,734.26; that in addition thereto there is in the Continental Oil Company Pipe Line to the credit of Whitman approximately $800, said sum held by agreement pending the result of this suit, which sum Welter claims he is entitled to recover and have applied on account due him by Whitman. Welter states his account with Whitman substantially as follows: That Crowley was his lease foreman, that Whitman was to pay Crowley's salary of $150 per month and Welter sues to recover same, and stated the aggregate a balance due of $1,045.00; that Whitman has removed from said lease premises certain material and supplies, itemized, for use of Whitman's adjoining lease, and after giving Whitman credit for certain material on said lease premises placed there by Whitman, there is due plaintiff for material and supplies, of the aggregate value of $155.15; that Whitman drilled a well within a foot of the line of his (Welter's) lease, and so operated same as to draw the major portion of the oil produced therefrom from plaintiff's lease, and which oil Whitman has sold, stating the sum received therefor, and of which plaintiff sues for $1,000. Welter sues to recover of Whitman the sum of $3,275, and for title and possession of the lease premises.

Whitman answered by general denial, special denial, to the effect that he holds said property involved in the suit as trustee for Welter; denies that the lease foreman, Crowley, is foreman for Welter; but alleges that Crowley is his employee and has been for years. Whitman further pleaded a cross-action, and alleged that he is the owner of said lease and said personal effects, oil wells, and equipment with the right to operate same, that Welter and Crowley are setting up some sort of claim thereto, but in fact they have none, and if any they have it is subordinate to his, that Crowley is residing upon said premises under some claim of right, and refuses to move therefrom or surrender possession to him, the owner, that he has had various dealings and agreements with Crowley in connection with said property, that he owes Welter nothing for salary of Crowley, or for anything else; admits that he owes Crowley the reasonable value of his services as pumper upon said lease in a sum not to exceed $500, which amount he is ready and offers to pay; and prays that Crowley be made a party to this suit.

Whitman further alleges that if it should be held that Welter or Crowley has any interest in the lease premises, then he alleges that he has in good faith expended upon said property for the use of Crowley more than $15,000, and has received in oil runs from both of said properties not to exceed $10,000, of which approximately $2,000 came from the south ten acres, and has sustained a net loss

from the operation of said properties of approximately $5,000, and, in any event, should Welter or Crowley recover title to said property, he, in that event, prays judgment against them jointly and severally for $5,000.

Crowley could not be cited, and Whitman took a nonsuit as to him, and the case went to trial without him as a party to the suit.

The case was submitted to a jury on special issues. The jury found:

1. Welter owned a judgment and the attachment lien (referred to in the evidence, on the lease premises) at the time the lease in question was sold by the sheriff (on foreclosure of the attachment lien).

2. At the time the sheriff's deed was executed to Whitman, it was not understood and agreed between Whitman and Crowley that Whitman was to hold the lease as a trustee for Welter and to return the legal title to Welter when the advances made by Whitman should have been paid.

3. At the time the sheriff's deed was executed to Whitman, it was the understanding of Whitman and Crowley that Whitman was to have full title to the leasehold, and that Whitman should repay the cash expended in the purchase at sheriff's sale after satisfying his advances.

4. Whitman advanced for the benefit of the Earning Oil Company, before the sheriff's sale of its properties, the amount of money, or other things of value, $3,450.

5. The amount of money Whitman received from the operation of the property in controversy from June 16, 1924, to July 1, 1928, was $4,800.

6. Whitman expended in the operation and protection of the leasehold in controversy, $2,925.

On the verdict judgment was entered that Whitman recover of Welter the title and possession of the oil and gas leasehold, describing the same, and be quieted in his title thereto, together with the title and possession of the oil wells and all personal property situated thereon and used in connection therewith. After reciting certain facts not necessary to state, it was further adjudged that when the proceeds from the sale of oil or gas from said premises, or the sale of said premises shall have repaid Whitman the sum of $1,575, after paying all costs of maintenance and operation, Whitman shall then pay to Welter, from the production of the premises, the sum of $456.03 (apparently meaning $465.03).

Welter filed a motion for a new trial which the court overruled; Welter excepted, and in due time perfected this appeal.

## Opinion.

The appellant Welter based his right to recover the title and possession of the mineral leasehold interest in the premises involved in this suit, and the right to a personal judgment for the sum of money sued for, upon the statements in his petition that he was the owner of the mineral leasehold estate in said 20 acres of land, and that he conveyed said mineral leasehold interest to Whitman, and the personal property situated thereon and used in connection with the operation of said property, in trust, and upon the consideration and with the understanding and agreement between Whitman and Crowley, to the effect that Whitman would go upon said lease, clean out the oil wells thereon and improve said lease at Whitman's expense, pay the operating costs, operate same in such manner as that the oil therein could be produced with profit; that Whitman was to have the runs of oil from said property above the operating expenses until he had been repaid the operating expenses advanced; and that when repaid Whitman was to reconvey said property to him (Welter), and that acting under such agreement Whitman went upon said lease premises.

Whitman joined issue on the above matters pleaded by appellant. The court heard the evidence and submitted the issues to the jury. The jury found there was no understanding or agreement between Whitman and Crowley that Whitman was to hold the lease, as trustee for Welter under the sheriff's deed to Whitman and return or reconvey the title to Welter when the advances made by Whitman had been paid.

The burden of proof was on the plaintiff, Welter, to establish by a preponderance of the evidence that Whitman held the property in trust for Welter under the agreement with Crowley as alleged.

We have carefully reviewed the evidence as found in the record, and have concluded that it is sufficient to support the jury's finding, and that the jury's finding on the issue is such as to require the judgment rendered as to the title of the mineral lease in controversy.

In view of the jury's finding on the issue discussed, the other findings of the jury become immaterial, as we view them.

The case is affirmed.